UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

WILLIAM T. WEBSTER,

    Plaintiff,

v.

ADVANCED MANAGEMENT GROUP NEVADA, LLC; SUNFLOWER APARTMENTS; ROBERT ANDINO, individually and in his capacity as Manager of Sunflower Apartments.

    Defendants.

Case No. 2:10-CV-01390-KJD-RJJ

**ORDER**

    Presently before the Court is Defendant Sunflower Apartment's Motion to Dismiss (#7), and Defendants Advanced Management Group of Nevada, LLC, and Robert Andino's Motions to Dismiss (#10, #11). Plaintiff filed a response in opposition to both motions (#15, #16), to which Defendants jointly replied (#17).

**I. Facts**

    Plaintiff became a resident of Sunflower Apartments on May 27, 2010 on a week-to-week tenancy basis. The apartment was fully furnished by Sunflower Apartments. Plaintiff alleges that he informed apartment manager Robert Andino ("Andino") that "he was a person with a 'disability'." (Doc. 3, pg. 2). On July 17, 2010 the apartment manager posted a five day notice to pay or quit on Plaintiff's door. On July 22, 2010, Plaintiff filed an answer to the notice with the Las Vegas Justice Court ("Justice Court") claiming disability discrimination under the Fair Housing Act, 42 U.S.C.

§3604, as a defense. Plaintiff states that he is withholding rental payments until the court makes a decision on the disability charge. (Doc. 3, pg. 2). On August 10, 2010, Andino allegedly entered Plaintiff's apartment and removed the furnished bed and television set. On August 23, 2010, Plaintiff agreed to pay the delinquent rent amounts and the Justice Court stayed the eviction for six days. On August 30, 2010, the Justice Court ruled that the terms of the stay had not been met and the stay was no longer in effect. The eviction order was then sent to the constable. Plaintiff filed the present complaint on August 16, 2010, alleging discrimination based on a disability and interference with enjoyment of a dwelling under the Fair Housing Act ("FHA").

**II.  Motion to Dismiss Standard**

In considering a motion to dismiss for failure to state a claim under FRCP 12(b)(6), "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir.1998). Consequently, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir.1997) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The *Iqbal* evaluation illustrates a two prong analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950. The Court liberally construes pro se pleadings. See Leyva v. Neven, 2010 U.S. Dist. LEXIS 122661 (D. Nev. 2010).

### III. Analysis

#### A. Claim 1

Plaintiff alleges that Defendants' violated 42 U.S.C. §3604(c), stating that Defendants' apartment rental advertisement discriminated against Plaintiff's disability by placing a limitation on the length of time Plaintiff would be allowed to have a bed and television.

"An oral or written statement violates 42 U.S.C. §3604(c) if it suggests a preference, limitation or discrimination to the 'ordinary listener' or reader." Housing Rights Center v. Sterling, 404 F.Supp 2d 1179, 1193 (C.D. Cal. 2004). Plaintiff has attached a copy of the Sunflower Apartment online rental advertisement to his complaint. The advertisement makes no blatant or ambiguously discriminating comments. Defendants' advertisement does not reference a time limitation on the bed and or television. Plaintiff fails to plausibly assert any facts to suggest that the removal of such items was done with intent to discriminate or limit Plaintiff's rights under the FHA. Upon review of Defendants' advertisement it is reasonable to conclude that there is no statement taken separately or as a whole that would lead an "ordinary listener" to conclude the advertisement had any discriminatory intent.

Furthermore, Plaintiff has not established a disability under the FHA. 42 U.S.C. §3602(h)(1-3) states that a handicap with respect to a person means: (1) a physical or mental impairment which substantially limits one or more of such person's major life activities; (2) a record of having such impairment; or (3) being regarded as having such an impairment. Plaintiff uses "handicap," and "disability" interchangeably which is appropriate. See Giebeler v. M&B Associates, 343 F.3d 1143, 1146 (9th Cir. 2003). Plaintiff sets forth no facts to indicate he has met any of these elements. Apart from not paying his rent, Plaintiff has plead no alternative reasons to infer that the removal of the items was based on disability discrimination.

Plaintiff has neither plead facts which allow this Court to infer any liability on Defendants' part, nor does Plaintiff's Complaint meet the standards of plausibility with respect to discrimination

3

in the advertisement and in meeting the elements for establishing a recognized disability under the FHA. Therefore, the Court dismisses this claim.

### B. Claim 2:

Plaintiff claims a violation of 42 U.S.C. §3604(f)(2)(A) which makes it unlawful to discriminate against any person in the terms, conditions, or privileges for a sale or rental of a dwelling, or in the provision or services of the dwelling or in connection with the dwelling because of a handicap. "Discrimination includes a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such a person equal opportunity to use and enjoy a dwelling . . ." 42 U.S.C. §3604(f)(3)(B). To establish a claim under 42 U.S.C. §3604(f)(3), a plaintiff must satisfy all the following elements: (1) plaintiff is handicapped within the meaning of 42 U.S.C. 3602(h); (2) defendant knew or should reasonably be expected to know of the handicap; (3) accommodation of the handicap may be necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling; (4) the accommodation is reasonable; and (5) defendant refused to make the requested accommodation. <u>Dubois v. Ass'n. of Apartment Owners</u>, 453 F.3d 1175, 1179 (9th Cir. 2006).

Plaintiff fails to sufficiently plead facts that allege a disability under the FHA. Plaintiff indicates that he told Andino he had a disability. Plaintiff pleads no plausible facts to allow the Court to infer that the Defendants failed to reasonably accommodate the Plaintiff with respect to his unknown disability. Plaintiff does not indicate how Defendants' actions deprived him of equal enjoyment in contrast to other tenants. Plaintiff only provides the fact that he has never paid rent since becoming a tenant. Plaintiff's complaint lacks any well pleaded facts to support his claims. Accordingly, Claim 2 is dismissed.

### C. Claim 3:

Plaintiff alleges a violation of 42 U.S.C. §3617 stating that Defendants interfered with Plaintiff's enjoyment of his dwelling by removing the television and bed from the unit resulting in

the unit no longer being considered "fully furnished" and that Defendants forcefully entered his unit and removed the items which intimidated and threatened Plaintiff's rights of tenancy.

In order to bring a §3617 claim, the Plaintiff has to prove the following elements: (1) he is a protected individual under the FHA; (2) he was engaged in the exercise or enjoyment of his fair housing rights; (3) Defendants coerced, threatened, intimidated, or interfered with Plaintiff on the account of his protected activity under the FHA; and (4) Defendants were motivated by an intent to discriminate. Bloch v. Frischholz, 587 F.3d 771, 783 (7th Cir. 2009). An interference "constitutes more than a 'quarrel' among neighbors or an 'isolated act of discrimination,' but rather a pattern of harassment, invidiously motivated." Id. Furthermore, Congress did not intend the FHA to encompass all broad assertions of discriminatory conduct interfering with an individual's enjoyment of his or her home. Egan v. Schmock, 93 F.Supp. 2d 1090, 1093 (N.D. Cal. 2000).

Plaintiff's complaint fails to allege discernable facts indicating any §3617 elements. Apart from Plaintiff's unidentified disability, there are no plausible facts showing the existence of discriminating actions. No factual support is given regarding Defendants' discriminatory motivations. Plaintiff's allegation of interference of enjoyment because of Defendants' discrimination are too broad and lack any consistent pattern. The only motivation inferred from the complaint is Plaintiff's failure to pay rent. Plaintiff has not shown he is protected under the FHA, or that there was any interference, intimidation, or coercion based on a protected activity under the FHA, and that Defendants were motivated by an intent to discriminate. Plaintiff has not alleged plausible facts to support his §3617 claim. Therefore, the Court dismisses Claim 3.

Given Plaintiff's pro se capacity, the Court would grant Plaintiff the opportunity to amend his complaint, but doing so would be futile because Plaintiff's claims are barred by res judicata.

**D. Res Judicata**

The doctrine of res judicata provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. Tahoe-Sierra Preservation Council Inc., v. Tahoe Regional Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003). Res judicata bars re-

litigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits. Id. at 1078.

The Nevada Supreme Court utilizes a three factor test which requires that: (1) the parties or their privies are the same; (2) the final judgment is valid; and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case. Brey v. M&I Bank, 2010 U.S. Dist. LEXIS 92260, 9 (D. Nev. 2010) (citing Five Star Capital Corp. v. Ruby, 194 P.3d 709, 713 (Nev. 2008)).

### I. Same Parties or Privies

"Privity is a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." Id. at 9-10. The parties to the Justice Court hearing were Webster and Sunflower Apartments. The parties in the current action are: Webster, Sunflower Apartments, Advanced Management Group Nevada, LLC, and Robert Andino (manager) of Sunflower Apartments.

The present parties have an identified interest in the prior action in Justice Court. Those interests were the same and were represented by Sunflower Apartments in the Justice Court proceeding. Andino, acting as apartment manager, and Advanced Management Group, having at least some controlling interest in the Sunflower Apartments, are similarly interested in Plaintiff's failure to pay rent and the resulting eviction. The claims brought by Plaintiff in his defense concern his tenancy and the actions taken by Andino in his capacity as manager of the complex. Sunflower Apartments interest in evicting a tenant for failure to pay rent is considered to be representative of the interests of the apartment manager and the management company of the apartment complex.

### 2. Valid Final Judgment

Justice Court Case No. 10E011846 granted Defendants' petition to evict Webster on August 30, 2010. Plaintiff has not appealed, or disputed the validity of the order of eviction. Therefore, this element has been met.

////

### 3. Same Claim in Subsequent Action

Whether two suits involve the same claim or cause of action requires us to look at four criteria: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions. Mpoyo v. Litton Electro-Opitcal Systems, 430 F.3d 985, 987 (9th Cir. 2005).

The transaction test determines whether the two suits share a common nucleus of operative fact by deciding "whether they are related to the same set of facts and whether they could conveniently be tried together." Id. Both the Justice Court action and the present action arise out of Plaintiff's tenancy in Defendants' apartment complex. The failure to pay or withhold rent, the actions surrounding the eviction notice, and the actions of the complex manager comprise the nucleus of facts surrounding both causes of action. All of the arguments brought or that should have been brought by Plaintiff in the prior action are being brought in the current action. The claims arise from the same nucleus of facts set forth by the Plaintiff. Both actions could have been tried together based on the factual account and claims set forth by Plaintiff. This satisfies the first element.

The rights of the Defendants in the prior action resulting in Plaintiff's eviction would be destroyed or impaired if the present action were prosecuted. Repetitive action in this Court would do nothing more than duplicate State court proceedings and burden the Federal Courts with matters already litigated. The second element has been met.

The claims brought by Plaintiff in Justice Court as a defense are the same claims being brought as allegations in the present case. Violations of the FHA are the allegations Plaintiff has relied upon both as a defense in his Justice Court eviction hearing and in his claims to this Court. The two suits unequivocally entail the infringement of the same rights. The factual recitation by the Plaintiff of the same claims and arguments brought in both matters is sufficient to maintain that the

evidence and facts would be the same in both matters. Thus, the third and fourth elements have been met.

The Justice Court hearing granting the motion to evict Plaintiff acts as a valid judgment for purposes of res judicata. Plaintiff brought, as a defense in that action, the same claims he brings in the present action. Defendants were in privity with the Plaintiff in the earlier suit. Since res judicata bars Plaintiff's claims, the Court denies Plaintiff leave to file an amended complaint.

**IV.  Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Defendant Sunflower Apartment's Motion to Dismiss (#7) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants Advanced Management Group Nevada, LLC, and Robert Andino's Motions to Dismiss (#10, #11) are **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court enter Judgment for Defendants and against Plaintiff.

DATED this 1st day of August 2011.

_____
Kent J. Dawson
United States District Judge