UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM T. WEBSTER, | |
| Plaintiff, | Case No. 2:10-CV-01390-KJD-RJJ |
| v. | **ORDER** |
| ADVANCED MANAGEMENT GROUP NEVADA, LLC, *et al.*, | |
| Defendants. | |

Presently before the Court is Defendant Sunflower Apartment's Motion for Attorneys' Fees (#22). Plaintiff filed a response in opposition (#23).

Plaintiff filed the present action on August 16, 2010 alleging violations of the Fair Housing Amendments Act ("FHAA"), 42 U.S.C. § 3601, *et. seq.* Plaintiff opposed eviction from his apartment asserting that he was being discriminated against based on his disability, not his lack of paying rent. The Court found (#20) that Plaintiff had entirely failed to state a claim upon which relief could be granted. Now Defendant has moved for an award of its attorneys' fees and costs based upon the frivolous nature of Plaintiff's complaint. Plaintiff's only opposition to the motion is that he has no income from which to pay attorney's fees.

      As a general rule, "a district court may in its discretion award attorney's fees to a prevailing defendant . . . upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though it was not brought in subjective bad faith." Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 421 (1978). Christiansburg Garment was a Title VII case and two years later, the United States Supreme Court applied the Christiansburg Garment rationale in the context of 42 U.S.C. § 1983 cases. See Hughes v. Rowe, 449 U.S. 5, 14-16 (1980). By frivolous, the court means that the litigation must be "meritless in the sense that it is groundless or without foundation." Hughes, 449 U.S. at 14; see also Dooley v. Reiss, 736 F.2d 1392, 1396 (9th Cir. 1984). In other words litigation is frivolous if the result is obvious or the arguments are wholly without merit. See Glanzman v. Uniroyal, Inc. 892 F.2d 58, 61 (9th Cir. 1989). When the proper situation is found, a court should not refuse to award attorney's fees to a prevailing defendant solely on the grounds of the plaintiff's financial situation, or lack thereof. See Durrett v. Jenkins Brickyard, Inc., 678 F.2d 911, 917 (11th Cir. 1982).

      Based on this standard, the Court finds that Plaintiff's claims were frivolous and the Court will grant Defendant's motion for attorney's fees. First, Plaintiff knew that he had raised the same claims in Las Vegas Justice Court and they had been rejected. Second, for each of the three claims, the Court found that Plaintiff had not pled any facts that could even be inferred to establish the elements of a claim under the FHAA.

      Finally, this is not the first time that Plaintiff has raised FHAA claims in this district and been rejected. He had been notified by the Court on more than one occasion what would be necessary to state a claim, and he still filed a frivolous complaint. See Webster v. Dep't of Vet. Affairs, 2:09-cv-2433-JCM-LRL, Doc. No. 55 (D. Nev. September 7, 2011)(refusing to grant summary judgment to Plaintiff because he provided no support for bare allegation that defendants actions were motivated by discriminatory animus); Webster v. Gaines Inv. and Trust, 2:07-cv-00414-RLH-RJJ, Doc. No. 29 (D. Nev. November 6, 2007)(dismissing complaint because Plaintiff did not allege any actions of discrimination); Webster v. VRG Managment Servs. Inc., 2:06-cv-00598-RCJ-RJJ, Doc. No. 1, 27

(D. Nev. March 19, 2008)(dismissing case for failure to prosecute complaint alleging allegations under the FHAA); Webster v. Nev. H.A.N.D., Inc., 2:04-cv-0140-KJD-RJJ, Doc. No. 18 (D. Nev. February 25, 2005)(court dismissed Plaintiff's complaint for failure to state a claim under the FHAA and 42 U.S.C. § 1983 by failing to allege or prove elements of FHAA claims and failing to demonstrate that defendants acted under color of state law).

Since Plaintiff's claims were frivolous and because Plaintiff was on notice that his claims were frivolous, the Court grants Defendant's motion for attorney's fees. Defendant has amply demonstrated the requirements under Local Rule 54-16. The amount of work performed is reasonable and necessary for a case of this kind. Furthermore, the fee charged is extremely reasonable for the type of work performed by attorneys of Defendant's counsels' experience. Furthermore, the hourly fee is reasonable and customary for attorney's practicing in the civil rights defense field in the District of Nevada.

Accordingly, Defendant Sunflower Apartment's Motion for Attorneys' Fees (#22) is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendant Sunflower Apartments and against Plaintiff in the amount of $1,665.00.

DATED this 15th day of March 2012.

_____
Kent J. Dawson
United States District Judge

3