UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM T. WEBSTER,<br><br>    Plaintiff,<br><br>v.<br><br>ADVANCED MANAGEMENT GROUP NEVADA, LLC, *et al.*,<br><br>    Defendant. | Case No. 2:10-CV-01390-KJD-RJJ<br><br>**ORDER** |

    Presently before the Court is Plaintiff's Motion for District Judge to Reconsider (#39). Plaintiff filed a response in opposition (#40) and Defendant replied (#41).

I.  Procedural History

    This motion arises out of a tenancy dispute between Plaintiff William Webster (hereafter "Plaintiff") and Defendant Sunflower Apartments (hereafter "Defendant"). Plaintiff filed a complaint on August 16, 2010 alleging discrimination based on a disability and interference with enjoyment of a dwelling under the Fair Housing Act ("FHA"). See Complaint, Docket #3. On October 4, 2010, Defendant filed a motion to dismiss pursuant to FRCP 12(b)(6). See Motion to Dismiss, Docket #7. On August 1, 2011, the Court granted Defendant's motion to dismiss. See Order, Docket #20. Defendant then filed a motion for attorney fees on August 5, 2011. See Motion for Attorney Fees,

Docket #22. On March 15, 2012, the Court granted Defendant's motion for attorney fees in the amount of $1,665. See Order, Docket #24. Plaintiff filed an appeal with the Ninth Circuit Court and was granted in forma pauperis status, which was later revoked. See Order, Docket #31. Plaintiff's appeal was dismissed on July 16, 2012. See Order of USCA, Docket #33. On April 13, 2013, Plaintiff filed the present motion.

II.  Standard for Reconsideration

A motion to reconsider a final appealable order is appropriately brought under Rule 60(b) of the Federal Rules of Civil Procedure. See United States v. Martin, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000). Motions for reconsideration are committed to the discretion of the trial court. See School Dist. No. 1J. Mutlinomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). Where reconsideration of a non-final order is sought, the court has inherent jurisdiction to modify, alter or revoke it. See United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000); Glavor v. Shearson Lehman Hutton, Inc., 879 F. Supp. 1028, 1032 (N.D. Cal. 1994) ("District courts are authorized to reconsider interlocutory orders at any time prior to final judgment.").  Pursuant to Rule 60(b), reconsideration is appropriate only upon a showing of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) an adverse party's fraud, misrepresentation, or other misconduct; (4) a void judgment; (5) a satisfied, released or discharged judgment; or (6) any other reason justifying relief from the operation of the judgment. See Fed. R. Civ. P. 60(b). A party can obtain relief under Rule 60(b) only upon an adequate showing of exceptional or extraordinary circumstances. See Maraziti v. Thorpe, 52 F.3d 252, 254 (9th Cir. 1995). A Rule 60(b) motion must be filed within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered. See Fed. R. Civ. P. 60(b). Errors of law are cognizable under Rule 60(b)(1). See Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 1999).

///

///

III. Analysis

In the present motion, Plaintiff argues for reconsideration pursuant to Rule 60(b)(4) of the Court's order granting attorney fees. See Order, Docket #24. Plaintiff argues that the order filed against him is now void under Rule 60(b)(4) because the court lacked subject matter jurisdiction over the benefits he receives in worker's compensation. "[A judgment] is void only if the court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or if the court acted in a manner inconsistent with due process of law." U.S. v. Castro, 243 B.R. 380, 382 (D. Ariz. 1999).

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331. Plaintiff's subject matter jurisdiction argument fundamentally misunderstands the concept of subject matter jurisdiction. Subject matter jurisdiction involves the Court's jurisdictional ability to properly hear cases and controversies arising under federal law. See Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). Plaintiff filed a complaint in the United States Court for the District of Nevada against Defendant claiming a violation of the FHA. See Complaint, Docket #3. The FHA is a law of the United States, and therefore complaints regarding FHA matters are properly heard in the United States Courts. Therefore, the Court had subject matter jurisdiction in this matter over Plaintiff and Defendant.

Plaintiff also argues the order for attorney fees is void under 5 U.S.C. § 8130, which reads, "An assignment of a claim for compensation under this subchapter is void. Compensation and claims for compensation are exempt from claims of creditors." While Plaintiff is correct that Defendant cannot attempt to collect attorney fees from any monies Plaintiff collects from worker's compensation, this does not make the order void under Rule 60(b)(4) and does not preclude Defendant from attempting to collect from other assets Plaintiff might have. "In no case may the district court refuse altogether to award attorney's fees to a... defendant because of the plaintiff's financial condition." Durrett v. Jenkins Brickyard, Inc., 678 F.2d 911, 917 (11th Cir. 1982). In the instant case, the Court believes awarding Defendant attorney fees serves as a deterrent from Plaintiff filing frivolous claims. Like the court in Durrett, the Court believes that awarding Defendant no fee

3

means there is no deterrent to Plaintiff filing frivolous claims. Id. The mere fact that Plaintiff obtains income from worker's compensation, which Defendant cannot collect from, does not mean Defendant is unable to pursue other avenues to collect on the judgment.

Plaintiff has failed to present any extraordinary or exceptional circumstances where the Court would possibly entertain the notion of reconsidering its order. Plaintiff has presented no evidence to show that the order granting Defendant attorney fees is void under Rule 60(b)(4).

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for District Judge to Reconsider (#39) is **DENIED**.

DATED this 15th day of August 2013.

Kent J. Dawson
United States District Judge